**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AMY KNIGHT** | **CIVIL ACTION NO.:** |
| **VERSUS** | **3:24-cv-82** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | |

## COMPLAINT

### I. PARTIES

1. Plaintiff, **AMY KNIGHT**, is a person of the full age of majority, and a resident of the Parish of Ascension, Louisiana.

2. Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (“LINCOLN”)**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

### II. JURISDICTION and VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 (“ERISA”).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

### III. FACTS and ALLEGATIONS

5. Plaintiff at all material times was employed as Registered Nurse and Hospice Physician Assistant Nurse Reviewer for Gainwell Technologies (not a defendant) and a beneficiary and participant in its employee benefits plan (“the Plan”), sponsored and administered for participating employees in the state of Louisiana and elsewhere.

6. Defendant, **LINCOLN**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with Gainwell Technologies and the Plan to insure the Plan and provide certain claims services relevant here.

7. Defendant, **LINCOLN**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

8. Among other benefits, the Plan and the Policy provided Plaintiff with long term disability and waiver of premium insurance benefits.

9. Beginning approximately February 25, 2021, Plaintiff became, remains, and will continue permanently to be disabled from her own former occupation, as well as any occupation, as defined by the Plan and the Policy as a result of disabling medical conditions, including fibromyalgia, type 2 DM, CRPS type 1 of LUE, benign essential tremor, chronic pain of right wrist, chronic pain of LUE, positive ANA, vertigo, IBS, migraine syndrome, GAD, chronic major depression, bilateral sensorineural hearing loss, moderate episode of recurrent major depressive disorder, Dupuytren's left hand, and osteoarthritis, required medical treatment and medications.

10. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, **LINCOLN** arbitrarily and capriciously refused to pay benefits that Plaintiff is entitled to receive under the terms of the Plan and the Policy.

11. Plaintiff has exhausted all required administrative remedies prior to filing suit.

12. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

13. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy against Defendant **LINCOLN**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **LINCOLN**.

**WHEREFORE**, Plaintiff **AMY KNIGHT**, prays for judgment against Defendant, **THE** L**INCOLN NATIONAL LIFE INSURANCE COMPANY,** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;
2. For all reasonable attorney's fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 130
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-201-8313
price@jpricemcnamara.com
Attorney for Complainant

**SERVICE**
Complaint will be served upon agent for service for defendant(s) by Certified Mail with request for Waiver of Service of Summons.