**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AMY KNIGHT** | **CIVIL ACTION NO.: 3:24CV00082-BAJ-SDJ** |
| **vs.** | **JUDGE BRIAN A. JACKSON** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAG. JUDGE SCOTT D. JOHNSON** |

# STATUS REPORT

## A. JURISDICTION

**What is the basis for the jurisdiction of the Court?**

Jurisdiction in the case arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002 et seq. This is an action of a civil nature filed under a claim of right arising, if at all, under the laws of the United States, and accordingly, this Court has jurisdiction pursuant to the provisions of 29 U.S.C. §1132(a) and 28 U.S.C. §1331.

## B. BRIEF EXPLANATION OF THE CASE

### 1. Plaintiff claims:

Plaintiff brings her lawsuit pursuant to Section 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), seeking benefits under a group long-term disability insurance policy issued by Defendant. Defendant denied additional benefits to Plaintiff beyond October 24, 2023, alleging that the administrative record did not contain documentation that Plaintiff's symptoms were of such severity that they resulted in physical restrictions and limitations rendering her unable to perform the duties of any occupation beyond August 25, 2023.

### 2. Defendant's claims:

Because the benefit policy at issue vests Defendant with discretionary authority to determine eligibility for benefits, Defendant submits that its benefit determination relative to Plaintiff will be reviewed according to an arbitrary and capricious standard of review. Under that standard, Defendant's decision can be reversed only if its decision was entirely irrational and disconnected from the evidence in the record. Because Defendant's decision in this matter is supported by evidence in the record, its decision must be affirmed and Plaintiff's case dismissed with prejudice.

## C. PENDING MOTIONS

**List any pending motion(s), the date filed, and the basis of the motion(s):**

There are no pending motions.

## D. ISSUES

**List the principal legal issues involved and indicate whether or not any of those issues are in dispute:**

The parties will attempt in good faith to agree on the contents of the administrative record. Accordingly, the primary dispute will be the proper standard of review and, depending on that standard, whether Knight was entitled to benefits from the Plan and under the relevant Policy, as well as whether Knight is entitled to any other remedies or penalties resulting from Defendant's administration of the Plan.

## E. DAMAGES

**Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:**

**1. Plaintiff's calculation of damages:**

| | Result | Value |
|---|---|---|
| 1 | LTD Start Date | 08/24/2020 |
| 2 | Pre-Disability Gross Monthly Wage | $5,189.00 |
| 3 | SSD Received Annually | $25,762.80 |
| 4 | Gross LTD Benefit – Annually | $37,360.80 |
| 5 | Gross LTD Benefit – Monthly | $3,113.40 |
| 6 | Net LTD Benefit Annually | $11,598.00 |
| 7 | Net LTD benefit Monthly | $966.50 |
| 8 | Date reaches age 65 | 03/15/2033 |
| 9 | Past due benefits from 10/25/2023 through 04/11/2024 | $5,976.00 |
| 10 | Future benefits total from 04/11/2024 through 03/15/2033 | $103,415.50 |
| 11 | Total present value lump sum of $966.50 future benefits received every month for 107 months (8 years) | $94,646.81 |
| 12 | Grand total of past due benefits plus present value of future benefits through age 65 | $100,622.81 |

**2. Defendant's calculation of offset and/or plaintiff's damages:**

Lincoln does not make a claim for damages against Plaintiff. However, Lincoln asserts that should the Court determine that Plaintiff is entitled to additional benefits

under the policy, which is denied, it is entitled to setoff against any such benefit award amounts received by Plaintiff from other income sources, including disability benefits from the Social Security Administration.

**3. Counterclaimant/cross claimant/third party's calculation of damages:**

N/A

**F. SERVICE:**

**Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:**

None.

**G. DISCOVERY**

**1. Initial Disclosures**

**A. Have the initial disclosures required under FRCP 26(a)(1) been completed?**

[ ] YES [ X ] NO

As this is an action for review on an administrative record, this action is exempted from this requirement pursuant to F.R.C.P. 26(a)(1)(B)(i). Lincoln has agreed to serve a complete copy of the bates-labeled administrative record on Knight by April 28, 2024, and the Parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

**B. Do any parties object to initial disclosures?**

[ ] YES [X] NO

**For any party who answered yes, please explain your reasons for objecting.**

**2. Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** None has been completed.
**By Defendant(s):** None has been completed.

**3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

As this is an ERISA claim for recovery of benefits, discovery is limited in this action. If protected documents are sought, the parties will request that the Court enter a protective order.

**4. Discovery from experts:**

**Identify the subject matter(s) as to which expert testimony will be offered:**

Because this is a claim for benefits under an ERISA policy, the parties do not anticipate that expert discovery, other than attorneys' fee experts, is necessary or appropriate.

## H. PROPOSED SCHEDULING ORDER

1. **June 3, 2024** – Deadline to amend pleadings or add parties.

2. On or before **July 1, 2024**, Defendant shall file: (A) a complete copy of the employee benefit plan and summary plan description, and (B) a copy of the complete administrative record concerning Plaintiff's claim for benefits. All documents must be numbered or bates stamped.

3. On or before **July 1, 2024**, the parties shall file a (1) joint stipulation, or (2) a motion for summary judgment or other dispositive motion as to the following issues: **a.** whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan; and **b.** whether ERISA preempts all state law claims related to the employee benefit plan at issue.

4. On or before **August 1, 2024**, Plaintiff shall file a statement regarding the completeness of the administrative record. If Plaintiff contends that the administrative record is incomplete in any way, Plaintiff shall describe the alleged omitted documents

and shall set forth the basis for the contention that the documents were improperly omitted. If Plaintiff possesses the documents, copies shall be proffered to the Court along with such statement, subject to Defendant's right to object. Should Court resolution be required to resolve any dispute regarding the Administrative Record, an appropriate motion must be filed.

**1. TRIAL**

**1. Do the parties agree that this matter will be resolved on dispositive motions without the necessity of a trial?**

[X] YES [ ] NO

**2. If yes, proposed deadline to file motions for summary judgment based on the administrative record:**

The Parties propose a deadline of **August 1, 2024** to file Cross Motions for Summary Judgment based on the administrative record, with Cross-Memoranda in Opposition to opposing parties' motions due by **September 5, 2024** and Cross-Reply Memoranda due by **October 4, 2024.**

**2. OTHER MATTERS**

**Are there any specific problems that parties wish to address at the scheduling conference?**

[ ] YES [X] NO

1. If the answer is *yes*, please explain:

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

[X] YES [ ] NO

**3. SETTLEMENT**

**1. Please set forth what efforts, if any, the parties have made to settle this case.**

The parties are beginning discussions.

**2. Do the parties wish to have a settlement conference:**

[ ] YES [X] NO

Not at this time.

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

N/A

**4. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C.§ 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

Report dated: April 12, 2024

/s/ J. Price McNamara
Attorney(s) for Plaintiff

/s/ Iwana Rademaekers
Attorney(s) for Defendant